AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

In the Matter of the Search of )
*an Apple iPhone 16 Pro in a Blue/Green Case, a* ) Case No. 25mj-739-CDL
*Black Motorola Folding Phone, a Blue Honor Cell* )
*Phone, and an Apple iPhone 16 in a Pink Case with* )
*IMEI: 351935561923618, Currently Stored at* )
*Homeland Security Investigations at 125 West 15th* )
*Street, Suite 500, Tulsa, OK 74119*

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Northern__ District of __Oklahoma__
*(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __September 12, 2024__
*(not to exceed 14 days)*

☐ in the daytime, 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge __Christine D. Little__.
*(name)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box):
☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __August 29, 2025 @ 10:10 am__   _____
*Judge's signature*

City and state: __Tulsa, Oklahoma__   __Christine D. Little, U.S. Magistrate Judge__
*Printed name and title*

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 25-MJ-739-CDL | 8/31/2025 0800 | N/A - Devices already in custody |

Inventory made in the presence of:
CFA Anthony Meter & SA Erin Staniech

Inventory of the property taken and name of any person(s) seized:

Digital copies of listed devices were created by CFA Meter and turned over to SA Erin Staniech. The copied data includes media files, device information, text messages, location data, and other artifacts.

The review of this data is ongoing.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9/19/2025

*Executing officer's signature*

Dustin Carder, HSI Special Agent
*Printed name and title*

## ATTACHMENT A

### Property to be Searched

The devices to be searched are an Apple iPhone 16 Pro in a Blue/Green Case, a Black Motorola Folding Phone, a Blue Honor Cell Phone, and an Apple iPhone 16 in a Pink Case with IMEI: 351935561923618, hereinafter the "Device(s)." The Devices are currently located at Homeland Security Investigations at 125 West 15th Street, Suite 500, Tulsa, OK 74119.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

The devices to be searched are pictured below:





## ATTACHMENT B

### Particular Things to be Seized

All records on the Devices described in Attachment A that relate to violations of 18 U.S.C. § 2241(c) – Aggravated Sexual Abuse; 18 U.S.C. § 1591 – Sex Trafficking of Children, 18 U.S.C. § 2423(a) – Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a Child by a Parent, and 18 U.S.C. §§ 2252(a)(4) and (b)(2) – Possession of Child Pornography involving NARANJO, including:

A. Images/videos/gifs of child pornography or child erotica; files containing images/videos/gifs; and data of any type relating to the sexual exploitation of minors or a sexual interest in children, material related to the possession thereof, and data of any type related to any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting such visual depiction of such conduct, in any form wherever it may be stored or found, including, but not limited to:

i. Graphic Interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG) of child pornography; files relating

to the distribution, receipt, or possession of child pornography, or information pertaining to an interest in child pornography;

ii. Files in any form containing the visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation, sex trafficking, or transportation of minors; and

iii. Stories, text-based files, motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation, sex trafficking, or transportation of minors.

B. Information, correspondence, records, documents or other materials pertaining to the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or pertaining to the sexual exploitation, sex trafficking, or transportation of minors, or a sexual interest in children, that were transmitted or received using computer, cellular device, personal digital assistant, or some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail including, but not limited to:

i. Correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit

conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation, sex trafficking, or transportation of minors, or a sexual interest in children;

iii. Any and all electronic and/or digital records and/or documents pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce including by United States mail or by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or relating to the sexual exploitation, sex trafficking, or transportation of minors;

iv. Any and all electronic and/or digital records and/or documents including any and all address books, names, and lists of names and addresses of minors visually depicted while engaging in sexually explicit conduct, defined in Title 18, United States Code, Section 2256; or relating to the sexual exploitation, sex trafficking, or transportation of minors;

v. Any and all electronic and/or digital records and/or documents regarding location data and travel history located on the Devices;

vi. Any and all records of Internet usage including usernames and e-mail addresses and identities assumed for the purposes of communication on the Internet. These records may include billing and subscriber records, chat

3

      room logs, e-mail messages, and include electronic files in a computer and on other data storage mediums;

  vii. Any physical keys, encryption devices, dongles and similar physical items necessary to access computer equipment, storage devices or data;

 viii. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data; and

   ix. Files, records, programs, logs, electronic communications, scanning programs, financial records, hacking software, or router configuration software.

C. Records or other items which evidence ownership, use, or control of the Devices described in Attachment A.

D. Credit card information including but not limited to bills and payment records, including but not limited to records of internet access.

E. Any and all information, correspondence (including emails), records, documents and/or other materials related to contacts, in whatever form, with minors involving the production, possession and/or distribution of child pornography and the attempt or act of educing, enticing, coercing, or persuading a minor to engage in sexual acts.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage.

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.